IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| TIMOTHY JOHNSON, TERRY PRINCE, and GARNETT KINKADE on behalf of themselves and others similarly situated,<br><br>        *Plaintiffs*,<br><br>v.<br><br>LUCAS INDUSTRIES LLC,<br><br>        *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. __16-1411__<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION |

## COLLECTIVE ACTION COMPLAINT

### I.      SUMMARY

1.     Lucas Industries, LLC (hereinafter, "Lucas"), a recycling and pallet provider in the Midwest, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of hours without paying all compensation due, thus depriving them of rightful compensation for their work that Lucas is legally obligated to pay.

2.     Plaintiffs Timothy Johnson, Terry Prince, and Garnett Kinkade worked for Lucas at its New Athens, Illinois location and was damaged by its illegal policy or practice. Plaintiffs were denied the compensation they were due under the FLSA. Plaintiffs bring this lawsuit on behalf of themselves and all other similarly situated current or former, hourly-paid Lucas plant workers, including but not limited to dispatchers, warehouse workers, and drivers, to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## II.    JURISDICTION AND VENUE

3.    This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq.*

4.    Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Missouri.  28 U.S.C. § 1391(b)(2).

## III.    THE PARTIES

5.    Plaintiff Timothy Johnson worked as a laborer and dispatcher for Lucas at its New Athens, Illinois plant.  He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA.  Plaintiff Johnson's consent is attached as Exhibit A.

6.    Plaintiff Terry Prince worked as a warehouse worker and driver for Lucas at its New Athens, Illinois plant.  He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA.  Plaintiff Prince's consent is attached as Exhibit B.

7.    Plaintiff Garnett Kinkade worked as a warehouse worker for Lucas at its New Athens, Illinois plant.  He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA.  Plaintiff Kinkade's consent is attached as Exhibit C.

8.    The class of similarly situated employees consists of all current and former hourly-paid plant workers, including laborers, dispatchers, warehouse workers, and drivers, who were employed by Lucas during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

9.      Defendant Lucas Industries, LLC is a Limited Liability Company with a principal place of business at P.O. Box 713, Eureka, Missouri 63025 that is engaged in commerce in the United States and is otherwise subject to the FLSA.  Lucas employed Plaintiffs within the meaning of the FLSA.  Lucas may be served with process by serving its Registered Agent, James Richard Morris at 2819 Calvert, Overland, Missouri 63114.

## IV.      BACKGROUND

10.     Lucas is a recycling and pallet provider in the Midwest, with locations in Missouri and Illinois.  Lucas provides recycling and waste services for commercial, retail, hospitality, and industrial industries.  Lucas also buys and sells a variety of wooden, plastic, and heat-treated pallets.

11.     Lucas maintains two locations: its main office located in Eureka, Missouri and its recycling plant and/or warehouse located in New Athens, Illinois.  Upon information and belief, Lucas employs dozens of other plant workers including but not limited to laborers, dispatchers, warehouse workers, and drivers to work at the recycling plant.

12.     Lucas's plant workers performed various tasks at the recycling plant, including but not limited to dispatching recycling plant drivers, assisting with the recycling production, driving forklifts, and loading and unloading trucks.  The plant workers usually work five consecutive days, Monday through Friday, and sometimes are required to work Saturdays and Sundays in the same workweek.  Frequently, its employees work approximately 80 to 90 hours per week.

13.     Lucas only pays its plant workers their regular hourly rate for all hours worked up to 40 hours per week and does not pay time-and-a-half of the plant workers' regular rates of pay for hours worked over 40 in a workweek.  Lucas also fails to accurately pay employees for all

time actually worked—i.e., Lucas shortchanges the plant workers' pay by not paying all hours recorded on plant workers' timecards. Further, instead of paying one and one-half the regular rate of pay for all hours worked in excess of 40 hours per week, Lucas only pays its employees "reimbursements" that do not correlate with the number of hours that plant workers are actually suffered or permitted to work. As a result, Lucas fails to properly compensate such employees under the FLSA.

## V. PLAINTIFFS' INDIVIDUAL ALLEGATIONS

### A. *Lucas Failed to Properly Pay Regular and Overtime Compensation.*

14. Plaintiffs worked for Lucas as plant workers, including regularly assisting with production, driving forklifts, and loading and unloading trucks at Lucas's New Athens, Illinois plant. During their employment, Plaintiffs frequently worked five to seven consecutive days during a workweek. In a typical workweek, Plaintiffs often worked approximately 80 to 90 hours.

15. Lucas paid Plaintiffs a set hourly rate for each hour worked through 40 hours per week, but it did not pay time-and-a-half of Plaintiffs' regular rate of pay for hours worked over 40 in a workweek. Lucas also failed to accurately pay Plaintiffs for all time actually worked—that is, Lucas shortchanged Plaintiffs pay by not paying all hours recorded on plant workers' timecards. Further, instead of paying one and one-half the regular rate of pay for all hours worked in excess of 40 hours per week, Lucas only paid Plaintiffs "reimbursements" that did not correlate with the number of hours that Plaintiffs actually suffered or were permitted to work.

16. The FLSA requires Lucas to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiffs' regular rate of pay for each hour Plaintiffs worked in excess of 40 hours per week.

4

Lucas should have paid Plaintiffs overtime compensation for at least 40 hours or more in a typical workweek, but Lucas failed to pay the Plaintiffs properly in accordance with the FLSA.

17.     By failing to pay Plaintiffs as described above, Lucas has deprived Plaintiffs of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.      *Lucas Willfully Violated the FLSA.***

18.     The FLSA and Department of Labor regulations set forth the proper means for calculating and paying regular and overtime compensation to non-exempt employees like Plaintiffs. Lucas failed to follow these rules when paying Plaintiffs.

19.     Lucas had a policy and/or practice of (1) only paying its plant workers their regular hourly rate for all hours worked up to 40 hours per week and does not pay time-and-a-half of the plant workers' regular rates of pay for hours worked over 40 in a workweek; (2) failing to accurately pay employees for all time actually worked; and (3) paying "reimbursements" that did not correlate with hours actually suffered or permitted to work—as well as other FLSA violations described herein.

20.     Lucas knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiffs.

## VI.     COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiffs are aware that Lucas's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiffs, the Members of the Class are employed by Lucas as plant workers, including dispatchers, warehouse workers, and drivers. The Members of the Class perform job duties similar to Plaintiffs, namely assisting with the day-to-day operation and maintenance of the recycling plant.

22.     As with Plaintiffs, Members of the Class frequently worked five consecutive days or more.  Thus, the Members of the Class often worked approximately 80 hours or more per week.

23.     As with Plaintiffs, Members of the Class are paid weekly.  The Members of the Class are only paid for a portion of the regular and overtime hours actually worked, and pay (including regular and overtime pay) is not accurately or correctly paid in accordance with the FLSA, as described above with regard to Plaintiffs.

24.     Lucas's failure to properly compensate Plaintiffs and Members of the Class results from a generally applicable policy and/or practice.  Specifically, it is a policy and/or practice at Lucas to pay its employees for less than all the regular and overtime hours plant workers are suffered or permitted to work.  As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiffs.

25.     Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly paid plant workers, including dispatchers, drivers, warehouse workers, and other plant workers employed by Lucas during the three-year period preceding the filing of this complaint.**

26.     Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

## VII.    CAUSES OF ACTION

27.     The preceding paragraphs are incorporated here by reference.

28.     As set forth above, Lucas violated the FLSA with respect to Plaintiffs and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours per week.  29 U.S.C. §§ 206, 207.

29. Plaintiffs and Members of the Class are entitled to recover wages for all hours worked, including but not limited to overtime compensation at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

30. In addition, Plaintiffs and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

31. Moreover, Plaintiffs and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b).

## VIII.  JURY DEMAND

32. Plaintiffs demand a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiffs request that this Court award them and Members of the Class judgment against Lucas Industries, LLC for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.


Dated:  September 1, 2016                    Respectfully submitted,

                                            BAILEY PEAVY BAILEY COWAN
                                            HECKAMAN  PLLC

By: /s/ Robert W. Cowan
Robert W. Cowan
Attorney-in-Charge
Federal Bar No. 33509
Missouri Bar No. 68929
440 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bpblaw.com