UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:16CV1411 SNLJ |
| | ) | |
| LUCAS INDUSTRIES, L.L.C., | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs Timothy Johnson, Terry Prince, and Garnett Kinkade brought this action against their former employer, defendant Lucas Industries, L.L.C., for violations of the Fair Labor Standards Act, 29 U.S.C § 215 ("FLSA"). Lucas did not respond to the complaint, and plaintiffs sought and received a default judgment against the defendant. (#16.) Two weeks later, counsel filed an appearance for Lucas. Then, on the day the Court granted plaintiffs' motion for an award of damages and attorneys' fees, counsel for Lucas filed a motion to set aside the default judgment supported by declarations (#21).

Defendant Lucas states that its owner, Billy Johns, believed that the lawsuit had been settled through negotiations between Johns and plaintiff Johnson, who is related to both of the other plaintiffs. It was only after learning that Johnson would not or could not dismiss the lawsuit that Lucas hired defense counsel and discovered that a default judgment had been entered against Lucas. Defendant Lucas states that its owner was "whipsawed" by the plaintiffs and that the judgment should be set aside.

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Because a default judgment has been entered, the Court looks to Rule 60(b). That rule states that the Court may "relieve a party…from a final judgment" due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Here, defendant argues that its neglect was excusable because it believed the matter had been settled. A short recitation of events is necessary. Defendant Lucas is a recycling and pallet provider in Missouri and Illinois. Plaintiffs Timothy Johnson, Johnson's brother-in-law Terry Prince, and Garnett Kinkade, are all former employees of defendant. Plaintiff Johnson was promoted to a managerial position in 2015. In or about March 2016, defendant's owner, Billy Johns, learned that employees at plaintiff Johnson's plant were stealing pallets and selling them on the black market. To deter further such conduct, defendant requested that all employees (including Johnson and the other two plaintiffs) sign non-competition agreements. However, Johnson and his brother-in-law Prince quit their jobs instead. This lawsuit was filed five months later, on September 1, 2016. Plaintiffs allege that defendant underpaid them in violation of the FLSA. Defendant denies that it improperly paid its employees, but defendant's owner nonetheless approached Johnson through an intermediary to inquire about resolving the dispute amicably. According to defendant, Johnson proposed that he would drop the lawsuit if defendant paid him $10,000, rehired him at a higher hourly rate, and rehired his brother-in-law without requiring a non-compete. Defendant paid Johnson $4,000 of the

2

$10,000 up front, and both Johnson and Prince resumed their jobs.  Defendant did not hire legal counsel in reliance on the deal that Billy Johns understood had been made.

According to defendant, plaintiff Johnson told defendant's owner in November 2016 that the lawsuit would not be dismissed.  Defendant asserts that Johnson said that his attorney told him he would be "held in contempt" if he stopped pursuing his case.  Defendant says that Billy Johns's mother, Nancy, caught Johnson sneaking into Johns's locked office with a stolen key, and that Johnson was terminated as a result.  Prince was also terminated according to defendant because there was no work for him to do.

Plaintiffs tell a slightly different story.  Johnson says he agreed to return to defendant's employ in exchange for $20/hour (a $4/hour wage increase), health insurance, and a $10,000 signing bonus.  He resumed working for defendant on October 4, 2016. He admits he was paid $4,000 but says he was not provided with health insurance.  Johnson denies that he ever told defendant's owner that he would drop the lawsuit, and he denies that he ever said he would be "held in contempt" if the lawsuit were dropped.  Johnson also states that, once he was rehired, Johns asked him repeatedly to dismiss the lawsuit, but Johnson says he did not feel comfortable discussing the subject of dismissing the lawsuit without the aid of his attorneys, so Johnson "put off Johns's repeated overtures."  (#23 at 5.)  Eventually, on November 4, 2016, Johns's mother Nancy told Johnson that he was being "laid off" due to the lawsuit and that Terry Prince was also being laid off.

Neither party discusses any interactions with plaintiff Kinkade following the filing of the lawsuit.

The Clerk entered default against defendant on November 2, 2016. The Court entered the default judgment on November 4, and the Court awarded damages and attorneys' fees on December 2, 2016. Defendant meanwhile hired counsel, who entered an appearance for defendant on November 16 and filed the instant motion to set aside default on December 2, 2016 (#21).

Although defendant clearly failed to appreciate the import of being served with a lawsuit for alleged FLSA violations and should have hired counsel immediately, the Court is mindful that there is a "judicial preference for adjudication on the merits." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). To determine whether the default judgment should be set aside, the Court looks to whether defendant's conduct was blameworthy or culpable, whether defendant has a meritorious defense, and to whether the other party would be prejudiced if the default were excused. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

Plaintiffs oppose defendant's motion because defendant had not communicated with all the plaintiffs and thus could not have believed he had settled the lawsuit. According to declarations, however, defendant's owner, who is not a lawyer, believed he had resolved the issues by rehiring Johnson and Prince and making a partial payment on the $10,000 offer. Plaintiffs call defendant's story about settlement a "contrivance," but plaintiffs do not dispute that Johnson and Prince were rehired at higher salaries and that Johnson was paid $4,000 of the $10,000 negotiated "bonus." It stands to reason that Johns intended to pay the remainder of the amount due upon dismissal of the lawsuit. Although Kinkade did not return to work for defendant, Johns states in his declaration

that he believed he was speaking with Johnson as a representative for the two other plaintiffs, who were Johnson's brother-in-law (Prince) and cousin (Kinkade). Mistaken belief that settlement has been reached is "precisely the type of mistake that Rule 60(b) is intended to redress." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 757 (8th Cir. 1996).

Although plaintiffs suggest that defendant's actions following the filing of the lawsuit constitute yet more FLSA violations, defendant insists that it has meritorious legal defenses to the FLSA lawsuit as it was filed. As for whether plaintiffs will be prejudiced, the delay has been minimal. Defendant sought counsel as soon as Johns realized Johnson was not going to dismiss the lawsuit, and counsel filed the instant motion and an answer soon thereafter. Although plaintiffs suggest that defendant intends to bring improper counterclaims, plaintiffs are free to move to dismiss those counterclaims should they see fit to do so.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to set aside the default judgment (#21) is **GRANTED.**

Dated this 8th day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE